IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSE ANTONIO REYES,

      Petitioner,

vs.                            Case No. 5:09cv396/RS/EMT

STEVEN SINGER, WARDEN, COLUMBIA
CORRECTIONAL INSTITUTION and
FLORIDA PAROLE COMMISSION,

      Respondents.

_____/

## REPORT AND RECOMMENDATION

      Petitioner initiated this action on September 27, 2007, by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Florida (hereafter "Middle District") (Doc. 1).[1]

      The relevant procedural background may be summarized as follows. Petitioner was originally convicted on January 5, 1994, in Orange County, Florida (which is in the Middle District) of Robbery with a Firearm or Destructive Device, Delivery of Cocaine, and Armed Possession of Cocaine with a Firearm (Doc. 20 at 2 & Exs. A, B, C). Petitioner was sentenced by the Circuit Court in and for Orange County to concurrent, fifteen-year terms of incarceration on each offense (Doc. 1 at 1–2; Doc. 20 at 2). On January 1, 2002, Petitioner was released on Conditional Release supervision, subject to conditions until August 14, 2008, but he subsequently violated the terms of his supervision, and the Florida Parole Commission ("Commission") revoked his supervision and returned him to the custody of the Florida Department of Corrections ("DOC") (see Doc. 15 at 1–2;

---

[1] When Petitioner initiated this action he was an inmate housed at Columbia Correctional Institution ("CCI"), which is located in the Middle District (see id. at 7). Petitioner has since been transferred to a correctional institution located within the Northern District of Florida (see Doc. 34). As discussed more fully infra, on December 14, 2009, the district court in the Middle District ordered that this action be transferred to the Northern District, as neither Petitioner nor any named Respondent was "within the jurisdiction of" the court for the Middle District (see Doc. 35).

Doc. 20 at 2). In the instant petition, Petitioner challenges the actions of the Commission in revoking his Conditional Release (*see* Doc. 1).

The revocation of Conditional Release was based upon Petitioner's arrest for possession of cocaine in February 2004 in Orlando, Florida (Doc. 20 at 2). More specifically, at Petitioner's Conditional Release violation hearing held in the Middle District, a deputy with the Orange County Sheriff's Department testified in relevant part that following a traffic stop for failure to stop at a stop sign on February 5, 2004, Petitioner consented to a search of his person which revealed a glass pipe in the front, left pocket of his suit (with a hard, yellow, substance on it that subsequently field tested positive for cocaine) and three pieces of crack cocaine in Petitioner's inside jacket pocket (*see id.* at 3 & Exs. H, I). The deputy further testified that Petitioner made several incriminating statements regarding the contraband (*id.* at 4 and Ex. I). Shirley Dames, Geraldine McGarvin, and Lee Pickett, Conditional Release Officers from Orlando, also testified at Petitioner's hearing, as did Vonzella Dessau, a Correctional Officer from Orlando (Doc. 20, Ex. I). The hearing examiner, relying on the deputy's testimony, found Petitioner guilty of using or possessing narcotics/drugs and failing to obey all laws and recommended revocation of Petitioner's release (Doc. 20 at 4–5 & Ex. I). On January 19, 2005, the Commission revoked Petitioner's release, effective February 5, 2004, the date of Petitioner's arrest (Doc. 20, Ex. J).

Following the revocation of Petitioner's Conditional Release, Petitioner filed an amended petition for writ of habeas corpus in the Florida Supreme Court, seeking to set aside the revocation of his Conditional Release, but the petition was transferred to the Third Judicial Circuit, in and for Hamilton County, Florida, which is in the Middle District, as Petitioner was then incarcerated at Hamilton Correctional Institution (*see id.* at 6 & Ex. K). The Circuit Court in and for Hamilton County issued an order denying Petitioner's petition on February 14, 2007 (*id.* at 6–8). Petitioner then sought review in the Florida First District Court of Appeal ("First DCA"), challenging the actions of the Commission in revoking his Conditional Release (*id.* at 8).[2] Petitioner was denied relief on August 31, 2007, and he filed the instant petition in the Middle District four days later (*id.* at 9).

---

[2] The First DCA is the designated appellate court for Hamilton County.

On November 30, 2007, the court in the Middle District issued an Order to Show Cause, directing Respondents to show cause why Petitioner's petition should not be granted (Doc. 11). On January 13, 2008, the DOC, on behalf of Respondent Warden Singer, filed a limited response to the petition (Doc. 15). In relevant part, the DOC noted that the issues raised by Petitioner "are within the sole authority of the Florida Parole Commission," but the DOC is "properly named as a nominal party because the Department has physical custody of the Petitioner" (*id.* at 3). The DOC further noted that the Commission had also been directed to respond to the petition, and therefore, that the DOC would "defer[] to the Commission's response" (*id.*). On February 19, 2008, the Commission filed its response to the petition (Doc. 20)

On March 5, 2008, Petitioner filed a reply to the Commission's answer (Doc. 22). Additionally, on August 21, 2008, Petitioner filed a thirty-three paged, typed, single-spaced, "Emergency Motion Seeking a Preliminary Injunction Against the Florida Parole Commission" (Doc. 29), which on August 26, 2008, the Middle District court construed as a motion for summary judgment and directed that the Commission file a response (Doc. 30). The Commission filed a response in opposition to the motion for summary judgment on September 16, 2008 (Doc. 31), and the summary judgment motion remains pending. Other than Petitioner's filing of notices of change of address (Docs. 33, 34), no action occurred in this case from September 2008 until December 14, 2009, the date the district court for the Middle District issued an order transferring this action to the Northern District of Florida (Doc. 35).

In its order of transfer to this district, the Middle District court—noting Petitioner's intervening transfer to a correctional institution in the Northern District—concluded it lacked jurisdiction over this action, stating in relevant part:

> "It is true that, if a district court has proper jurisdiction when a habeas petition has been filed, as is the case here, a subsequent transfer of the prisoner will not defeat habeas jurisdiction, *but only 'so long as an appropriate respondent with custody remain[s]' in the district*." Copley v. Keohane, 150 F.3d 827, 830 (8th Cir. 1998) (citations omitted) (emphasis added). The problem here is that not only has Petitioner left the territorial confines of the Middle District, there is not an appropriate respondent with custody remaining.

(Doc. 35 at 1–2).[3]

Albeit with reluctance, the undersigned respectfully recommends that this case be transferred back to the Middle District of Florida, as was done recently in the case of <u>Sbarra v. Florida Dep't of Corrections</u>, No. 4:09cv296-RH, 2009 WL 4400112, at *1–2 (N.D. Fla. December 1, 2009) (noting that petitioner, challenging a revocation of gain time, was convicted, sentenced, and incarcerated in the Middle District, disciplinary proceedings occurred there, and fact that the "revocation decision may have been reviewed at the headquarters of the Department of Corrections, which are within the Northern District, [] is too slender a reed to allow a habeas petition to go forward here").[4]

Initially, although Petitioner's current incarceration results from an administrative proceeding of the Parole Commission and not a court, and although Petitioner originally filed his petition under § 2241, he is considered "in custody pursuant to the judgment of a State court," and therefore is subject to 28 U.S.C. § 2254 and its attendant restrictions. *See* <u>Peoples v. Chatman</u>, 393 F.3d 1352 (11th Cir. 2004) (applying one-year period of limitation found in 28 U.S.C. § 2244(d) to federal habeas petition filed by state prisoner incarcerated upon revocation of his parole who sought to challenge his waiver of parole revocation hearing) (citing <u>Medberry v. Crosby</u>, 351 F.3d 1049 (11th Cir. 2003)); *see also* <u>Dill v. Holt</u>, 371 F.3d 1301 (11th Cir. 2004) (holding that state prisoner who challenged legality of revocation of his parole by filing a habeas petition pursuant to 28 U.S.C. § 2241 was "in custody pursuant to the judgment of a State court" within the meaning of the habeas statute applicable to prisoners in such custody, even though his current incarceration resulted from an administrative proceeding of a state parole board, and therefore § 2254 and its attendant restrictions applied, including the exhaustion requirement); <u>Thomas v. Crosby</u>, 371 F.3d 782 (11th

---

[3] The court also cited <u>Jones v. Cunningham</u>, 371 U.S. 236, 243–44 (1963) (finding that district court does not lose its jurisdiction when habeas corpus petitioner/parolee is removed from the district, as long as an appropriate respondent with custody remains, and noting that parole board remained within the court's jurisdiction and could be required to act if necessary; therefore, paroled petitioner could add parole board as a respondent, in addition to superintendent of penitentiary where petitioner was housed at the time habeas petition was filed) (Doc. 35 at 2).

[4] The undersigned has cited this case to illustrate an appropriate scenario for "re-transfer" but acknowledges that the petitioner in <u>Sbarra</u> had <u>not</u> been transferred to this district. The undersigned notes, however, that the facts of <u>Sbarra</u> are otherwise similar to the facts of the instant case, given that the revocation proceedings at issue here occurred in the Middle District, as did Petitioner's conviction, sentence, and revocation behavior.

Cir. 2004) (reiterating the holding in <u>Medberry</u> and applying it to a petitioner in custody pursuant to a state court judgment who challenged a decision of the Florida Parole Commission). Therefore, claims against the Florida Parole Commission, as are at issue here, may be filed only pursuant to 28 U.S.C. § 2254, with venue of the proceeding governed by § 2241(d) (thus, the Petitioner here is unlike the petitioner in <u>Copley</u>, 150 F.3d at 827, who was a federal inmate and who properly brought his action pursuant to § 2241).[5] *See, e.g.*, <u>Scott v. Florida Parole Comm'n.</u>, No. 4:07cv68-MP, 2007 WL 1490875, at *1 (N.D. Fla. May 18, 2007) ("Although the habeas corpus petition . . . [challenging revocation of Conditional Release by the Parole Commission] does not so specify, it is filed pursuant to 28 U.S.C. § 2254, as Petitioner is in custody pursuant to a state court judgment.").

Thus, the instant habeas action is properly characterized as an action brought pursuant to § 2254.[6] And, given that Petitioner styled this action as a § 2241 petition, the Middle District's transfer order is understandable, as the venue provisions of § 2241(a) would govern a § 2241 petition, and those provisions generally require that the petition be filed only in the district of incarceration. *See, e.g.*, <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 443 (2004) (interpreting the provisions of § 2241(a), which provide that district courts are limited to granting habeas relief "within their

---

[5] In <u>Copley</u>, at the time the petitioner filed his § 2241 petition in the United States District Court for the Western District of Missouri, he was a federal inmate in the custody of the warden of the Federal Medical Center ("FMC") in Springfield, Missouri. <u>Copley</u>, 150 F. 3d at 829. By the time Petitioner's case reached the Eight Circuit Court of Appeals, the petitioner was residing in a care center in Lake Charles, Louisiana, under the supervision of the United States Probation Office for the Western District of Louisiana. *Id.* Thus, noting that the Eighth Circuit no longer had jurisdiction over the warden of FMC-Springfield, and that Petitioner had named only the warden of FMC-Springfield as a Respondent, the court concluded that the petitioner was no longer "in the custody of anyone over whom we have jurisdiction," and that "there is no entity that we can order to effect [petitioner's] release should the writ issue." *Id. See also* <u>Lee v. Wetzel</u>, 244 F.3d 370, 373 (5th Cir. 2001) ("we have firmly stated that the district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition") (emphasis added); *but see* <u>Conley v. Crabtree</u>, 14 F. Supp. 2d 1203 (D. Or. 1998) (transferring § 2241 petition to district of conviction); <u>Keys v. Henry</u>, Case No. 5:99cv298/RH (N.D. Fla. September 18, 2000) (noting propriety of transfer of § 2241 petition to district of conviction in some circumstances).

[6] "Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." <u>Castro v. United States,</u> 540 U.S. 375, 381, 124 S. Ct. 786, 791, 157 L. Ed. 2d 778 (2003). "They may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." *Id. See also* <u>United States v. Stossel</u>, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003) (federal courts have an obligation to determine whether the substance of a pro se pleading is cognizable under a different statutory framework).

respective jurisdictions" and noting that the "plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement"). However, because the action is properly characterized as a § 2254 action, the venue provisions of § 2241(d) control, and court decisions interpreting those provisions support re-transfer of this case to the Middle District. Section 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d).

Accordingly, the Middle District had exclusive jurisdiction over this action at time of its filing, as Petitioner was both convicted there and incarcerated there. The question thus becomes whether the Middle District lost jurisdiction upon Petitioner's transfer to a correctional institution in the Northern District. When confronted with a similar situation, the Fifth Circuit Court of Appeals noted as follows:

> We reject [petitioner's] contention [that the Southern District of Georgia lacked jurisdiction to adjudicate his rights in a § 2254 petition because he was transferred out of the Southern District after filing his petition] and find that jurisdiction was properly vested in the lower court. When [petitioner] filed his petition, he was imprisoned within the Southern District. Jurisdiction attached upon the initial filing for habeas corpus relief. It was not destroyed upon the transfer of petitioner and accompanying custodial change. Smith v. Campbell, 450 F.2d 829 (9th Cir. 1971); *[s]ee also* Jones v. Cunningham, 371 U.S. 236, 83 S. Ct. 373, 9 L. Ed. 2d 285 (1963). Harris v. Ciccone, 417 F.2d 479, 480 n.1 (8th Cir. 1969); Bishop v. Medical Superintendent, 377 F.2d 467, 468 (6th Cir. 1967). While his transfer to the Northern District may have given both courts concurrent jurisdiction, it did not destroy the power of the Southern District court to rule in his case. Smith v. Campbell, *supra*. Instead of jurisdiction, the question becomes one of the appropriateness of the forum. Ross v. Mebane, 536 F.2d 1199, 1202 (7th Cir. 1976). The Southern District encompassed the locale of the burglary, the state trial court that

convicted and sentenced [petitioner], and the prison holding him at the time the habeas petition was filed.

McClure v. Hopper, 577 F. 2d 938, 939–40 (5th Cir. 1978).[7]  *See also* Bishop v. Medical Superintendent of Ionia State Hospital of Michigan, 377 F. 2d 467, 468 (6th Cir. 1967) (district court did not lose jurisdiction over state petitioner who was confined in a Michigan state hospital in its district when petitioner was transferred to a different Michigan state hospital in a neighboring federal district).  As summarized in Corpus Juris Secundum:

> The objective of the statute conferring jurisdiction over habeas corpus proceedings may not be impaired or defeated by the removal of the petitioner from the territorial jurisdiction of the court.  Jurisdiction, once acquired, is retained, and is not destroyed by the transfer of the petitioner to another jurisdiction, or to another federal judicial district within the state.  Territorial restrictions on the issuance of the writ of habeas corpus do not continue even though the petitioner is no longer within the court's jurisdiction by reason of removal therefrom by the detaining authorities.  Where a petition for the writ has been properly filed initially and the petitioner is permitted to prosecute his petition after an unconditional release, the petitioner is subject to the issuance of the writ to obtain their production from outside the territorial limits of the court where the respondent and the witnesses are within the jurisdiction of the issuing court.

39 C.J.S. Habeas Corpus § 262 (2009) (citing Ex parte Mitsuye Endo, 323 U.S. 283 (1944); United States ex rel. Circella v. Neely, 115 F. Supp. 615 (N.D. Ill. 1953), *aff'd*, 216 F.2d 33 (7th Cir. 1954); Harris v. Ciccone, 417 F.2d 479 (8th Cir. 1969); Welsh v. Ciccone, 324 F. Supp. 221 (W.D. Mo. 1970); United States ex rel. McGowan v. New York State Division of Parole, 239 F. Supp. 622 (S.D.N.Y. 1965); Jones, 371 U.S. at 236; Bishop, 377 F.2d at 467; Passic v. State, 98 F. Supp. 1015 (E.D. Mich. 1951); Wright v. Wainwright, 305 F. Supp. 791 (M.D. Fla. 1969); Wilson v. Rodgers, 274 F. Supp. 39 (D. D.C. 1967)).[8]

---

[7] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

[8] "[T]he statutory restriction of habeas corpus authority to 'their respective jurisdictions' does not invariably require the physical presence of the petitioner within the territorial limits of the district, and [] the physical presence of the petitioner within a judicial district is not an absolute jurisdictional prerequisite, it being enough to comply with the statute that the custodian can be reached by service of process." 39 C.J.S. Habeas Corpus § 262 (2009) (citing Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Procacci v. Sigler, 61 F.R.D. 5 (D.D.C. 1973); Word v. State of N. C., 406 F.2d 352 (4th Cir. 1969); Kinnell v. Warner, 356 F. Supp. 779 (D. Haw. 1973); Battle v. Norton, 365 F. Supp. 925 (D. Conn. 1973).  *See also* Garcia v. Pugh, 948 F. Supp. 20 (E.D. Pa. 1996) (petitioner incarcerated

Thus, while Petitioner's transfer to this district may have given <u>concurrent</u> jurisdiction to this district and the Middle District, it did not destroy the power of the Middle District court to rule on Petitioner's case. <u>McClure</u>, 577 F. 2d at 939–40.

The remaining consideration concerns the appropriate forum for resolution of Petitioner's claims. A district court may, "[f]or the convenience of parties and witnesses, in the interest of justice, . . . transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). As the four dissenting Justices in <u>Rumsfeld</u> recognized, this statue applies to federal habeas corpus proceedings and empowers a district court, upon consideration of traditional venue principles, to transfer the petition if it determines that venue is inconvenient or improper. *542 U.S. at 464 n.7 (citing U.S.C. §§ 1404(a), 1406(a)). See also* <u>Parker v. Singletary</u>, 974 F.2d 1562, 1582 n.118 (11th Cir. 1992) (courts should give great weight to the convenience of witness and ease of access to sources of proof when considering habeas transfer); <u>Mitchell v. Henderson</u>, 432 F.2d 435, 436 (5th Cir. 1970) (noting that under § 2241(d) a petition may be filed in the district of incarceration or conviction, and that purpose of this, "of course, is to provide a more convenient forum for witnesses," and remarking that although section 2241(d) primarily governs jurisdiction, it also "has implications as to venue between divisions in the same district"); <u>Fain v. Duff</u>, 364 F. Supp. 1192, 1194 & n.5 (M.D. Fla. 1973) (discussing Congress' expansion in 1966 of the jurisdictional grant of § 2241, by adding subsection (d), "which vests jurisdiction in the district court not only where petitioner is confined, but also where he has been convicted and sentenced" <u>and</u> noting the court's intimation in <u>Mitchell</u>, 432 F.2d at 436, that the purpose of § 2241(d) is to provide a more convenient forum for witnesses); <u>Scott</u>, 2007 WL 1490875, at *1 (transferring habeas action

---

in prison lying in Middle District of Pennsylvania could be reached by service of process from United States District Court for the Eastern District of Pennsylvania, and that Court thus had personal jurisdiction over his habeas petition) (citing <u>Braden</u>, 410 U.S. at 495); Fed. R. Civ. P. 4(k) ("[s]ervice of a summons . . . is effective to establish jurisdiction over the person of a defendant (A) who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located, or . . . (D) when authorized by a statute of the United States."); 4A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1124 at 311 ("service of the summons and complaint may be made anywhere within the state in which the district court is sitting"). Thus, Petitioner's current custodian (i.e., the warden of his present place of incarceration or Walter A. McNeil, Secretary of the DOC), as well as the Florida Parole Commission, can be reached by service of process from a federal court in the Middle District.

and noting, among other factors, that the Middle District was the district of conviction and "a more convenient forum for the petition, as the revocation behavior was within Orange County").

In the instant case, the first factor, convenience of the parties and witness, clearly weighs in favor of transfer to the Middle District. Petitioner was convicted and sentenced in the Middle District, he was supervised on Conditional Release there, his revocation behavior occurred there, his revocation hearing occurred there, all five witnesses that testified at Petitioner's revocation are from there, Petitioner sought state habeas relief there, and Petitioner was incarcerated there at the time he initiated this action. Additionally, the interests of justice weigh in favor of transfer. Initially, this action was pending in the Middle District for approximately two years and three months prior to its transfer to this district; thus, the Middle District is more familiar with this case, and correspondingly, likely able to more expeditiously resolve the merits of this aging case (as well as Petitioner's motion for summary judgment, which was pending for more than one year prior to the transfer of this action). Moreover, return of this case to the Middle District will prevent repeated transfers of this action each time Petitioner is transferred from one district to another.[9] Petitioner's seemingly transient appearance in this district is "too slender a reed to allow [Petitioner's] habeas petition to go forward here." Sbarra, 2009 WL 4400112, at *1–2; see also Reed v. Florida Parole Comm'n., 2008 WL 2370603, at *1–2 (N.D. Fla. June 6, 2008) (noting, in habeas action where petitioner was originally convicted in Polk County, which is in the Middle District, and incarcerated in Union County (also in the Middle District) at the time he initiated habeas action challenging action of Parole Commission, that transfer to this district by the Middle District was not appropriate based on petitioner's spending "some amount of time in this District after the petition was filed").

Accordingly, it is respectfully **RECOMMENDED:**

That the clerk of court forthwith transfer this action to the United States District Court for the Middle District of Florida for all further proceedings.

---

[9] The court notes that since September of 2007 Petitioner has been incarcerated at numerous institutions, including Hamilton Correctional Institution, Columbia Correctional Institution, Okaloosa Correction Institution, Orange County Jail, and Apalachee Correctional Institution (see, e.g., Docs. 12; 20, Ex. K; 34). His history therefore suggests he is likely to be transferred again.

At Pensacola, Florida, this <u>19th</u> day of January 2010.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**Any objections to these proposed recommendations must be filed within fourteen (14) days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**